LUCINDA PHILLIPS *v.* JOHN PHILLIPS.

BILL OF EXCEPTIONS. *Failure to state all testimony. Presumption.* The presumption in the absence of a bill of exceptions, that the oral testimony, where such was heard, was sufficient to support a judgment or decree, prevails in chancery as well as law causes. But if from the recitals of the decree, it appear that an erroneous conclusion of the chancellor as to facts was founded upon the documentary evidence or depositions on file, the supreme court will reverse, even in the absence of a bill of exceptions setting out the oral testimony.

FROM WASHINGTON.

Appeal from the Chancery Court at Jonesboro. H. C. SMITH, Ch.

S. J. KIRKPATRICK and A. S. DEADERICK for complainant.

J. G. DEADERICK for defendant.

TURNEY, J., delivered the opinion of the court.

This is a bill for divorce and alimony, and was before us on a former day of the term, when the decree was reveised and the bill dismissed. It is presented again on a petition to rehear, upon the ground that the decree of the chancellor recites: "This cause came on to be heard upon the pleadings, proof, former orders, and the oral testimony introduced on the trial," and there is no bill of exceptions containing that oral testimony. It is now insisted the decree should be affirmed, on the authority of *Nolen* v. *Wilson,* 5 Sneed, 332; "that the record not showing that it contains all the evidence submitted, this court will presume there was sufficient evidence to warrant the verdict." This is a sound general rule, and applies to chancery proceedings, where oral testimony has been heard, as well as cases at law. The present case, however, does not fall within it, because a continuation of the recitation, from which the quotation made is taken, is, "from all which the chancellor is of opinion that defendant, John Phillips, has been guilty of cruel and inhuman treatment of complainant by his failure to provide properly for her, by a malicious abandonment of her, and by beating, wounding and bruising her on divers occasions, for which causes his honor decrees," etc. From this it is plainly inferable that the oral

testimony, referred to in the decree, was confined to the matters of offense recited in the decree and their truth predicted, in part at least, on such testimony. The oral testimony was evidently confined to the acts and conduct of the accused.    It was not upon these grievances this court passed its judgment.    We might concur with the chancellor in his conclusion upon the facts on this branch of the case, but we go further and form our conclusion upon the conduct of the complainant condoning those offenses since the filing of the bill, the proof of which is in depositions, without any pretense that anything upon the subject was submitted in oral testimony.

The petition is dismissed.

McFARLAND, J., dissents.